Lin the medical malpractice complaint of Francis Kirkindoll, applicant seeks review of a denial of its motion to rescind an ex parte order allowing a six-month extension of a medical review panel. The essential facts are undisputed.
An attorney panel chairman for the medical review panel was appointed in December 2002. Defendants Willis-Knighton Medical Center and Dr. Farquhar filed a motion to extend the life of the medical review panel on December 15, 2003, shortly before the 12-month statutory deadline would dissolve the panel. Included in the motion was a request that an order to show cause be issued to Kirkindoll as to why the motion should not be granted. Instead of signing an order to show cause, the trial court instead granted an ex parte order extending the medical review panel for an additional six months.
*948 The applicant filed a motion to rescind the ex parte order, which was denied in a judgment rendered March 8, 2004. The applicant filed notice of intention to apply for supervisory writ on April 7, 2004, and now seeks supervisory writ of that denial. In response to the writ application, defendants filed a motion to dismiss alleging that the writ application was untimely.
| y.The applicant alleges the correct interpretation of the statute governing medical review panels is that an extension cannot be granted ex parte, arguing a contradictory hearing is required for good cause to be shown. The applicant further contends the extension was granted without showing of good cause. Thus, the applicant argues the trial court erred in granting the extension.
A medical review panel is required for this medical malpractice complaint, and that panel has 12 months before dissolution to render an opinion. La. R.S. 40:1299.47. However, “either party may petition a court of competent jurisdiction for an order extending the twelve month period provided in this Subsection for good cause shown.” Id. at B(l)(b).
The judge had the authority to issue a six-month extension of the medical review panel for good cause. La. C.C.P. arts. 194-195 list actions in which a judge may sign orders and judgments in chambers. It does not specifically reference the extension of a medical review panel as one of those actions. However, La. C.C.P. art. 194(7) provides that, in addition to those previously listed, “any other order or judgment not specifically required by law to be signed in open court” may be signed by the district judge in chambers. The language of R.S. 40:1299.47 does not explicitly state that an order for extension must be signed in open court. The trial court correctly interpreted this language as to allow an ex parte order for extension.
This court has previously ruled that a contradictory hearing is not “demanded in every situation requiring ‘good cause.’ ” Grantham v. Dawson, 27,798 (La.App.2d Cir.1/24/96), 666 So.2d 1241. In Grant-ham, this court stated further that “the law is replete with instances, including this court’s own rules, where requiring a contradictory hearing before issuing an order based upon ‘good cause’ would be impractical and quite absurd.” Id. Thus, a contradictory hearing was not required to show good cause.
In the motion for extension, defendants stated that all parties had been contacted about the extension request. Furthermore, it was alleged that the panel had yet to be fully formed. Applicant concedes that, as of May 6, 2004, he had not been informed of the selection of the final panel member. The motion to extend was based on this lack of a formed panel, the need for time to prepare and submit evidence to the review panel when formed and for the panel to render an opinion. The trial court determined that these grounds constituted adequate grounds for good cause, and this court sees no reason to overrule that decision.
As to the motion to dismiss based on alleged untimely filing of the writ application, URCA Rules 4-3 provides, in pertinent part:
The judge who has been given notice of intention as provided by Rule 4-2 shall immediately set a reasonable return date within which the application shall be filed in the appellate court. The return date in civil cases shall not exceed 30 days from the date of notice, as provided in La. C.C.P. art.1914.
*949 The judgment on the appeal of the motion to rescind the ex parte order was rendered March 8, 2004, and was mailed to the parties, as required by La. C.C.P. art. 1914, on March 10, 2004. The applicant filed notice of intention to apply for supervisory writ on April 7, 2004. The judge immediately set a return date of May 7, 2004, an action clearly within the judge’s discretion allowed by URCA |3Rule 4-2. Thus, the application for supervisory writ filed May 6, 2004, was timely.
We hold that the six-month extension of the life of the medical review panel was granted in accordance with La. R.S. 40:1299.47.
WRIT DENIED.
PEATROSS, J., dissented and filed a statement.